190 So.2d 922

**Ralph C. MONEY**

v.

**STATE.**

I Div. 57.

Court of Appeals of Alabama.

Sept. 20, 1966.

Rehearing Denied Oct. 11, 1966.

Ball & Ball, Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen. and John C. Tyson, III, Asst. Atty. Gen., for the State.

On Rehearing

CATES, Judge.

At Money's request in a pro se brief filed after deliverance of our former opinion, the Presiding Judge, under § 4 (second paragraph, second sentence) of Act No. 526 of September 16, 1963 (Michie's 1958 Code, T. 15, § 318(4)), appointed counsel for Money.

Counsel in an incisive brief argues that we were incorrect in considering that corroboration vel non of the accomplice was sufficiently shown as a matter of law. The consequence of our considering a legal minimum was to leave to the jury whether or not as a matter of fact corroboration was shown beyond a reasonable doubt.

We excerpt from the brief filed:

"* * * To infer that Ralph Money is guilty of the burglary charged, the following logical sequence is necessary from the facts of record:

"1. That Ralph Money had been seen driving a light blue 1941 Plymouth coupe about the time of the crime and because Mr. Gilmer had purchased the stolen drill from a man who had arrived at his filling station in a dark colored old Plymouth coupe, model somewhere in the 40's, then the car which the filling station man saw was the car Ralph Money had been seen in.

"2. That because the car Ralph Money had been seen in was at the filling station, Ralph Money must have also been there.

"3. That because Ralph Money was at the filling station, he either had possession of the stolen drill, or was in cahoots with someone else who had the stolen drill.

"4. That because he was either in possession of the stolen drill or was in cahoots with someone who was, then he burglarized the building.

"The conclusion reached by this sequence is pure conjecture. It is nothing more than speculation based upon inference drawn upon inference. For this evidence to meet the test of corroborative evidence laid down by this Honorable Court, the following would be a necessary axiom:

"The use of an old 1941 Plymouth coupe by 'X', where by inference it is shown

that a person committing a burglary also had access to an old model Plymouth coupe, is inconsistent with the innocence of 'X'. If this is true, the accomplice Moseley could have, with his testimony, convicted anyone in the world who just happened to have an old model Plymouth coupe. Your appellant's argument is strengthened by the testimony of Mr. Gilmer which was that the Plymouth was dark in color and the testimony of Deputy Tolbert that the Plymouth that Ralph Money was driving was light in color."

The evidence here critical involved identity of the man who sold the recently stolen drill. Mr. Gilmer was the buyer.

He was positive as to (a) two men driving up in (b) an old model Plymouth coupe somewhere in the '40's (c) which had a dark color.

This is admittedly vague as to the precise hue, shade or intensity of the dark color.

However, the testimony of the deputy sheriff as to the light and dark blue spotted '41 Plymouth which he had seen Money drive does not exclude the probability of Mr. Gilmer's having seen Money and Mosley in the same car.

Tracing the physical trail of the drill backwards, we find:

a) someone from the sheriff's office located it at Gilmer's garage;

b) two men in an old Plymouth coupe brought it to Gilmer; and

c) it is the drill missing from Martin's shop.

We consider that there was sufficient proof to let the issue go to the jury.

Application overruled.